15362

STATE v. STEWART

(18 S. E. (2d), 528)

March, 1941.

*Mr. Thomas H. Pope, Jr.,* and *Mr. Felix B. Greene, Jr.,* both of Newberry, for appellant,

*Mr. Hugh Beasley,* Solicitor, for respondent,

January 29, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

The appellant was tried, convicted and sentenced at the March (1941) term of the Court of General Sessions for Newberry County under Section 1183 of the Code of 1932, on an indictment charging him with unlawfully, willfully and maliciously killing a dog of the value of $50.00. The jury fixed the value of the dog at $15.00, and the appellant was sentenced accordingly.

The appellant admitted the killing of the dog but testified that he had killed it to protect his own small dog from a vicious attack by the dog killed, a large dog, part collie and part German police and weighing from fifty to sixty pounds.

At appropriate times, the appellant moved for a direct verdict of not guilty, which motions were refused.

There are ten exceptions, but appellant has abandoned Nos. 9 and 10, and in his printed brief states the "Questions Involved" as follows:

"1. Was the evidence in the case sufficient to sustain a conviction under this statute?

"2. May one whose property is attacked use more force toward an animal known to be vicious than toward a peaceful one?

"3. Did the Presiding Judge improperly place the burden of proof on defendant?"

As to Question No. 1, it would serve no purpose to set forth the testimony. It is sufficient to say that we have carefully read the record, which in our opinion, not only compelled the trial Court to submit the case to the jury, but justified the jury in its verdict. It appears that the appellant had a grudge against the dog he killed, and that it was far from necessary that he shoot and kill the dog of the prosecutrix in order to protect his small dog at the time he shot and killed the alleged offending dog. We, of course, recognize the legal right of the appellant to protect his small dog from serious bodily harm or death, if such be imminent, and are merely holding that it was the duty of the trial Judge under the testimony adduced upon the trial to submit to the jury the issue whether appellant was acting unlawfully, willfully and maliciously in shooting the dog of the prosecutrix, and whether he was excusable in shooting the dog, on the ground as alleged by him that it was necessary or appeared to be necessary for the protection of his small dog.

Some of what has been said above is applicable to Question No. 2. In discussing phases of the case just prior to the Judge's charge to the jury, the following colloquy occurred between counsel for the appellant and the Judge:

"Mr. Pope.—I contend, under the cases in this state, when an animal which is known to be vicious and dangerous comes on a person's property to destroy property itself, or injure

any of that property or the person, he would have a right to kill it.

"Court.—That is at the time. I will tell that jury, unless you show me to the contrary, you have no right to kill a man's dog because it is vicious, shown to be vicious at some other time. I am going to tell the jury that a man has not got the right to kill another man's dog because he bit somebody else at some other time, he has not got the right to go back and kill the dog. I am going to tell the jury anybody has a right to protect himself or his property from a dog.

"Mr. Pope.—He has a right to protect his own little dog.

"Court.—I will tell them that. I will tell them that is an affirmative defense. As to malice, I will tell the jury that our Court has held it is not necessary to show malice towards the owner of the animal. Malice is the intentional doing of a wrongful, unlawful, act without just cause or excuse.

"Mr. Pope.—I think Your Honor will go with me a little further: If you know somebody else is dangerous you are entitled to use more force and to act more quickly.

"Court.—I am going to tell that jury any man has got a right to protect himself against a dog, or protect his property."

The jury had before it all of the specific acts of the alleged viciousness of the dog of the prosecutrix, which consisted of having bitten a child who had stepped upon the dog, and of having grazed the skin of a postman when the postman had entered the enclosed yard of the prosecutrix at a time when the dog was there alone, and of having tried to reach the little dog of the appellant while it was in appellant's parked automobile. The appellant was rather contradictory in describing the last incident, for at one time he described the action of the dog as playful and another as vicious. His chief objection at that time was that the dog he later killed had scratched the paint on his automobile. There was also in evidence that the dog chased cats and had at least on one occasion killed a cat. Such conduct is not foreign to peaceful

dogs. The prosecutrix also admitted that the dog had one or two mean streaks in him.

It was a controversial question under the testimony whether the dog was vicious, and in our opinion the trial Judge properly refused to charge the jury in the phraseology suggested by counsel.

At the close of the State's case, there was testimony from which the jury could have found that the appellant had unlawfully, willfully and maliciously shot and killed the dog of the prosecutrix. The appellant, in addition to his plea of not guilty, interposed the plea that he had acted in the defense of his little dog. This was an affirmative defense, and the burden of the proof of establishing this defense by the preponderance of the testimony was therefore upon the appellant. The trial Judge committed no error in so holding. When his charge to the jury is read as a whole it will be seen that he properly charged that the State must first prove beyond a reasonable doubt that the appellant had unlawfully, willfully and maliciously killed the dog, and he then told the jury that the appellant must establish his affirmative defense by the greater weight or preponderance of the testimony.

All exceptions are overruled.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.